IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER GILMORE,

    Petitioner,

    v.                                                CASE NO. 22-3230-JWL-JPO

BOARD OF COUNTY COMMISSIONERS,
Sedgwick County, Kansas, et. al,

    Respondents.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Sedgwick County Jail in Wichita, Kansas, proceeds pro se. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") directing Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). Petitioner has filed a response (Doc. 5).

The Court found in the MOSC that Petitioner acknowledges that he has a pending criminal case, five state habeas cases pending in Sedgwick County, and two cases pending before the Kansas Supreme Court. The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886).

Petitioner argues in his response that he was extradited to Sedgwick County from Plymouth County, Iowa, in October 2020. Petitioner claims that he had previously filed two

1

mandatory disposition of detainer actions that were stolen by the Sedgwick County attorneys and the 18th Judicial District Court Clerks "to create the appearance of nonexistence." (Doc. 5, at 1.) Petitioner alleges that he was entitled to have his charges in Kansas dismissed. *Id*. Petitioner then challenges his competency proceedings and argues that his attorney is providing ineffective assistance of counsel. *Id*. at 3–4. Petitioner argues that he should be treated as a patient, and not an inmate.

The Court finds that Petitioner has failed to show good cause why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Ex Parte Royall*, 117 U.S. at 251–52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

The Court found in the MOSC that Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ of habeas corpus. The Court also found that the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in the District Court of Sedgwick County, Kansas. The criminal case against Petitioner is ongoing; the

State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings.

Petitioner has failed to assert a basis for finding extraordinary or special circumstances. "[T]he state incompetency procedures are designed to protect a criminal defendant's federal due process rights." *Hodson v. Reams*, Civil Action No. 17-cv-00379-GPG, 2017 WL 6550694, at *3 (D. Colo. June 20, 2017), *denying cert. of appealability* 729 F. App'x 661 (10th Cir. 2018) (citation omitted). "[A]bsent a showing of bad faith, the extraordinary circumstances would not be demonstrated even if [a petitioner] has been adjudged incompetent incorrectly under state statutory procedures." *Id*. at *4 (citing *Younger*, 401 U.S. at 46–47).

The Court finds that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Sedgwick County, Kansas.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS SO ORDERED**.

Dated November 8, 2022, in Kansas City, Kansas.

S/    John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE